#21 (2/27 HRG OFF)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8535 PSG (GJSx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | Leonard Vitale, *et al.* v. Celadon Trucking Services, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's Motion to Remand

Pending before the Court is Plaintiff Leonard Vitale's ("Plaintiff") motion to remand. Dkt. #21. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing and reply papers, the Court GRANTS the motion to remand.

I. Background

Defendant Celadon Trucking Services, Inc. ("Defendant") is a New Jersey Corporation with its principal place of business in Indiana. Dkt. # 1, *Notice of Removal* ("NOR") ¶ 13. Defendant employed Plaintiff, a citizen of California, as a truck driver in providing shipping services throughout California. Dkt. #1–1, Ex. 1 ("Complaint" or "Compl.") ¶¶ 5, 9.

On May 27, 2015, Plaintiff filed this class action in Los Angeles Superior Court on behalf of himself and all current and former California employees of Defendant, employed in California at any time beginning four years prior to the filing, who drove as "independent contractor[s]" for Defendant. *Compl.* ¶ 22. The Complaint lists ten causes of action: nine claims under various provisions of the California Labor Code, and one claim for violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq*. *See id*.

Defendant previously removed this action to federal court on July 9, 2015, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. #21 ("Mot."), 1. Challenging Defendant's calculations of the amount in controversy, Plaintiff moved to remand the case. On October 2, 2015, the Court granted Plaintiff's motion, finding that Defendant had failed to carry its burden of demonstrating that it is more likely than not that the amount in controversy reaches $5 million. *Id.* at 1–2. Specifically, the Court found that Defendant had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8535 PSG (GJSx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | Leonard Vitale, *et al.* v. Celadon Trucking Services, Inc., *et al*. | | |

not alleged sufficient facts to support its assumption that a maximum statutory penalty would apply for each instance of employee misclassification and rejected Defendant's inclusion of Private Attorney General Act ("PAGA") penalties for purposes of determining the amount in controversy. *Id.*

Thereafter, the parties engaged in private mediation in state court prior to the exchange of formal discovery. Dkt. #1–5, *Declaration of Tae Kim in Support of Defendant's Second Notice of Removal* ("Kim Decl.") ¶ 4. On October 26, 2016, the parties attended mediation. *Id*. At the mediation, Plaintiff provided Defendant with portions of its mediation brief which contained an estimate of Defendant's liability for damages in excess of $18 million. *Kim Decl.*, Ex. A. The estimate allocated the damages as follows:

| Cause of Action | Damages |
|---|---|
| Willful Misclassification | $885,000 to $2,655,000 |
| Pattern and Practice of Willful Misclassification | $1,770,000 to $4,425,000 |
| Meal and Rest Break Violations | $4,106,250 |
| Penalties for Failure to Pay All Wages Due at Separation | $750,000 |
| Failure to Furnish Timely and Accurate Wage Statements | $267,250 |
| Failure to Pay All Wages Owed Every Pay Period | $1,129,107 |
| Penalties for Failure to Pay Overtime Wages | $916,500 |
| Improper Deductions | $10,783,080 |
| **GRAND TOTAL** | **$18,837,187 to $22,377,187** |

*See id*. Shortly thereafter, on November 16, 2016, Defendant filed a second notice of removal to federal court on grounds that Plaintiff's mediation brief constitutes a "paper" under 28 U.S.C. § 1446(b)(3), rendering the case removable.[1] *See NOR* ¶ 5–6. Plaintiff then filed this motion to remand on grounds that the mediation brief does not represent a reasonable estimate of Plaintiff's claims and therefore cannot support Defendant's burden of establishing that the jurisdictional minimum of $5 million under CAFA has been met. *Mot*. 1.[2]

---

[1] Section 1446(b) provides that if a "case stated by an initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of . . . an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

[2] Plaintiff makes an additional argument that the removal is not timely because it relies on facts known to Defendant since the Complaint was first filed in May of 2015. *See Mot*. 1. Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8535 PSG (GJSx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | Leonard Vitale, *et al.* v. Celadon Trucking Services, Inc., *et al*. | | |

II.   Legal Standard

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). Under CAFA, federal district courts have subject matter jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million; (2) any plaintiff class member is a citizen of a state different from any defendant; and (3) the number of plaintiffs in the putative class is at least 100. *See* 28 U.S.C. § 1332(d). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chem*, 443 F.3d 676, 685 (9th Cir. 2006).

III.   Discussion

The parties do not dispute that CAFA's jurisdictional requirement of minimal diversity and class numerosity as set forth in 28 U.S.C. § 1332(d) have been met; the sole point of contention is whether the amount in controversy exceeds $5 million. *See Mot*. 1; Dkt. #22 ("Opp.") at 1. Under CAFA, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If the plaintiff challenges the amount in controversy, the defendant must submit summary-judgment-style evidence establishing the amount by preponderance of the evidence. *Id.*; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."); *see also Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1239 (9th Cir. 2014) (observing that *Rodriguez* held that "the preponderance of the evidence standard applies [in CAFA cases]").

Here, Defendant seeks to establish that the amount in controversy exceeds the jurisdictional minimum based on Plaintiff's assessment of damages in its mediation brief supplied on October 26, 2016. *See NOR* ¶ 3. Because Plaintiff challenges that amount,

---

the Court concludes that Defendant has not met its burden of showing that the amount in controversy requirement under CAFA has been met, the Court need not reach the merits of Plaintiff's second argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8535 PSG (GJSx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | Leonard Vitale, *et al.* v. Celadon Trucking Services, Inc., *et al*. | | |

Defendant has the burden of proving, through summary-judgment-style evidence, that it is more likely than not that the amount in controversy exceeds $5 million. *See Abrego Abrego*, 443 F.3d at 683 (preponderance of the evidence is a "more likely than not" standard).

As an initial matter, the Court rejects Plaintiff's argument that its damages estimate in the mediation brief does not constitute "other paper" triggering removability under § 1446(b) because it does not contain a settlement offer or demand. *See Mot*. 2–3. The Court in *Graybill v. Khudaverian* rejected this very argument, concluding that plaintiff's email to defendant indicating he was entitled to $100,000 on his claim qualified as an "other paper" under § 1446(b), regardless of whether the email constituted a "settlement communication" or a "settlement demand." Case No.: SACV 15-01627-CJC (JCGx), 2015 WL 7295378, *3 (C.D. Cal. Nov. 17, 2015); *see also Molina v. Lexmark Int'l, Inc*., No. CV 08-04796 MMM (FMx), 2008 WL 4447678, *21 (C.D. Cal. Sept. 30, 2008) (holding that a damages analysis received by defendant during mediation was an "other paper" triggering the commencement of the thirty day period under § 1446(b).").

Therefore, the only issue left for the Court to determine is whether Plaintiff's damages assessment is a reasonable estimate of his claims. A damages estimate "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a 'bold optimistic prediction.'" *Romsa v. Ikea U.S. West, Inc*., No. CV 14–05552 MMM (JEMx), 2014 WL 4273265, *2 (C.D. Cal. Aug. 28, 2014); *Surber v. Reliance Nat'l Indem. Co*., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) ("While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury.").

*Cohn v. Petsmart, Inc*. is instructive. In *Cohn*, a plaintiff in a state court trademark case sent a letter to the defendants asking for $100,000 to settle his claim. *Cohn*, 281 F.3d at 840. Defendants promptly removed, and Cohn moved to remand. The district court denied the motion for remand, and the Ninth Circuit affirmed, holding that the settlement letter seemed to represent Cohn's assessment of the value of his claim. *Id*. The Court noted that while Cohn "could have argued that the demand was inflated and not an honest assessment of damages . . . he made no attempt to disavow his letter or offer contrary evidence." *Id*. Because Cohn "consistently maintained that [his claim was] worth more than $100,000," the Court concluded that defendant had properly shown that the amount in controversy exceeded the jurisdictional minimum. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8535 PSG (GJSx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | Leonard Vitale, *et al.* v. Celadon Trucking Services, Inc., *et al*. | | |

  Subsequent cases have held that where a plaintiff takes steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount has been met. *See Walker v. CorePower Yoga, LLC*, No. 12–CV–0004–WHQ–DHB, 2013 WL 2338675, *7 (S.D. Cal. May 28, 2013) (settlement letter not sufficient to establish amount in controversy where plaintiff later "disavowed the letter by stating: The exposure figure . . . was calculated using nothing but unsupported and inflated assumptions because at the time Plaintiff had not yet received initial disclosures or any discovery from Defendant."); *Cadenas v. Union Pac. R.R.*, No. CV 10–5089–RJB, 2010 WL 890046, *2 (W.D. Wash. Mar. 9, 2010) ("Further, unlike the plaintiff in Cohn, Plaintiff here states that his case is not worth $75,000.00 or more."). In *Graybill v. Khudaverian*, for example, the Court read the Ninth Circuit's decision in *Cohn* as standing for the proposition "that a plaintiff's disavowal of a settlement demand or argument that such a demand was inflated is relevant to the determination of whether a demand is a credible estimate of an amount in controversy." *Graybill*, 2015 WL 7295378, at *4. There, Defendant removed the case to federal court based on an email from plaintiff's counsel stating that he estimated the value of plaintiff's claim to exceed $100,000. *Id*. Plaintiff immediately disavowed the estimate in the email, arguing that it was an unrealistic settlement demand based on an error in counsel's initial calculation, and not a serious evaluation of the value of his claim. *Id.* Relying on *Cohn*, the Court remanded the action to state court having concluded that Defendants had failed to meet their burden of showing that the amount in controversy requirement of diversity jurisdiction had been met. *Id*. ("Seeing as Plaintiff has disavowed the settlement letter and affirmed his claim of $42,000 in lost use damages, the Court concludes that it is more likely than not that the actual amount in controversy here is less than $75,000.").

  Like the plaintiff in *Graybill*, Plaintiff disavows the damages estimate in the mediation brief, arguing that it was intended for discussion purposes only, *see Mot*. 3, and "does not reflect a reasonable estimate of Plaintiff's claims." Dkt. #23 ("Rep."), 1. Rather, Plaintiff contends that the mediation brief merely represented an "analysis of the possible government penalties," but that "[a]t no time did Plaintiff or his counsel believe that these were valid claims." *Mot*. 2.; *see also* Dkt. #21–1, *Declaration of Shant A. Karnikian in Support of Plaintiff's Motion to Remand*, ¶ 4; Dkt. #21–2, *Declaration of Brian S. Kabateck in Support of Plaintiff's Motion to Remand*, ¶¶ 5(d), 6 (stating that Defendant has not provided Plaintiff with enough information "to indicate what the value of the claim really is."). Moreover, after lengthy discussions between the parties at the mediation, Plaintiff conceded that he had overstated the damages for meal and rest break violations, thus reducing the damages from an estimated $4,106,250 to $68,437. *See Opp*.14 n.5; *Rep*. 3. Plaintiff also disavowed its claim to misclassification penalties and overtime at the mediation, thereby eliminating those damages entirely from the total estimate. *See Rep*. 3; Dkt. #23–1, *Declaration of Cheryl A. Kenner in Support of Plaintiff's Reply to Its Motion to Remand,* ¶¶ 3, 4. Plaintiff further contends that the $10,783,080 estimated for unreimbursed business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8535 PSG (GJSx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | Leonard Vitale, *et al.* v. Celadon Trucking Services, Inc., *et al.* | | |

expenses "was a complete shot in the dark" and "a blind guess," because Defendant had still not provided Plaintiff with the requested data on Defendant's deductions from drivers' pay. *Rep*. 3. On the basis of these adjustments, Plaintiff submits a new calculation which it believes represents "an accurate representation of Plaintiff's estimation of damages," as follows:

| No. | Damages | Amount |
|---|---|---|
| 1 | Failure to provide meal and rest breaks | $68,437.00 |
| 2 | Failure to pay all wages owed every pay period | $1,129,107.00 |
| 3 | Waiting time penalties | $750,000.00 |
| 4 | Wage statements | $267,250.00 |
| 5 | Failure to reimburse business expenses (likely minimum value) | $1,500,000.00 |
| 6 | **Total** | **$3,714,794.00** |

*See Rep*. 4.

In light of Plaintiff's disavowal of the damages estimate in its mediation brief, reduction of or disavowal of claims, and offer of a new calculation, the Court cannot conclude that the mediation brief damages represent "a reasonable estimate" of Plaintiff's claims. *Cohn*, 281 F.3d at 840; *see also Leon v. Gordon Trucking, Inc*., 76 F. Supp. 3d 1055, 1071 (C.D. Cal. Dec. 31, 2014) (finding damages estimate in plaintiff's risk assessment email insufficient to carry defendant's burden because the estimate was inflated, conclusory, and plaintiff disavowed its accuracy). Therefore, because Plaintiff's estimate is insufficient and Defendant presents no additional evidence that the damages exceed $5 million, Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum under CAFA. *See Ibarra*, 775 F.3d at 1197 ("If a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one.").

IV. Conclusion

Based on the foregoing, Plaintiff's motion to remand is GRANTED, and the case is REMANDED to the Los Angeles Superior Court.

**IT IS SO ORDERED.**